```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---------------------------------------

| | |
|---|---|
| ROBERT L. RETTINO, | |
|       Plaintiff, | 19-CV-5326 (JGK) |
|   - against - | MEMORANDUM OPINION AND ORDER |
| NEW YORK CITY DEPARTMENT OF EDUCATION, ET AL., | |
|       Defendants. | |

**JOHN G. KOELTL, District Judge:**

The plaintiff, Robert L. Rettino, proceeding pro se, brought this action against the New York City Department of Education ("DOE"), Darlene Teron, and Steven Nyarady. The plaintiff alleges that the defendants discriminated against him because of his age, retaliated against him, and subjected him to a hostile work environment in violation of the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

The Court has subject matter jurisdiction over the federal law claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. The defendants move to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the defendants' motion is **granted**. The plaintiff's complaint is

1

dismissed without prejudice to the plaintiff's ability to file a second amended complaint.

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise

the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks, alterations, and citation omitted). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Yajaira Bezares C. v. The Donna Karan Co. Store LLC, No. 13-CV-8560, 2014 WL 2134600, at *1 (S.D.N.Y. May 22, 2014).

**II.**

The following facts are taken from the Amended Complaint and are accepted as true for the purposes of this motion.

The plaintiff began working for the New York City Department of Education in 2005 and was fifty-four years old when he filed this action. Amended Complaint ("Compl."), at Addendum ¶¶ 1-2. The plaintiff worked at P.S. 97 in the Bronx, New York from 2006 to 2017 under Principal Katheleen Bornkamp. Id. at Addendum ¶ 3. The plaintiff alleges that Principal Bornkamp discriminated against him "due to [his] age by violating the proper procedures for evaluating employees." Id. at Addendum ¶ 4. The plaintiff also claims Principal Bornkamp refused to address his complaints and "increas[ed] the intensity

and frequency of the improper evaluation violations." Id. Additionally, the plaintiff alleges that Principal Bornkamp filed "false" Section 3020-a charges against him, attempted to file criminal charges that were ultimately filed with the Special Commissioner of Investigation ("SCI"), and subjected him to numerous other instances of "harassment and age discrimination tactics" such as ignoring doctors' notes and deliberately refusing to respond to emergency calls from classrooms staffed by older teachers. Id. at Addendum ¶ 5.

The plaintiff has been a substitute teacher as part of the Absent Teacher Reserve ("ATR") since on or about May 2017. Id. at Addendum ¶ 7. He alleges that the school administration created new false criminal charges against him, alleging that he was responsible for deleting a photo from Assistant Principal Nyarady's online photo storage site. Id. at Addendum ¶ 8. Defendant Steven Nyarady is the former Assistant Principal of P.S. 97 and the current Assistant Principal of Washingtonville Middle School. Id. at 2.[1] The plaintiff claims that the allegedly false Section 3020-a charges and new charges filed with the SCI prevented him from returning to P.S. 97 or being hired at P.S. 481, The STEAM Bridge School. Id. at Addendum ¶¶ 8-9. The plaintiff claims the charges were "not substantiated and later

---

[1] Because some of the pleadings do not have page numbers, all citations to page numbers in the pleadings refer to the ECF page number included in the file stamp at the top of each page.

4

dropped." Id. at Addendum ¶ 9. As a result, the plaintiff alleges he lost teaching opportunities which, in past years, accounted for up to 18 percent of his annual income. Id. at Addendum ¶ 10. In June 2018, the plaintiff applied for a position at the school to which he had most recently been assigned and at which he had worked at for six months. Id. at Addendum ¶ 12. The plaintiff alleges he was not granted an interview for a position due to his age. Id.

The plaintiff also alleges he has been subject to retaliation since filing a complaint with the New York State Division of Human Rights ("SDHR") in August 2018. Id. at Addendum ¶ 15. The plaintiff was assigned to P.S. 76, the Bennington School, under Acting Principal Darlene Teron in December 2018, id. at 3, and the plaintiff alleges he was falsely accused of using corporal punishment while covering a third grade class in February 2019, id. at Addendum ¶¶ 16, 18. In April 2019, the plaintiff received additional Section 3020-a charges seeking to terminate his employment based on the incident. Id. at Addendum ¶ 19.

The plaintiff filed a charge of discrimination against the defendants with the Equal Employment Opportunity Commission ("EEOC") on August 3, 2018. Compl. at 6. He subsequently received a Notice of Right to Sue from the EEOC on May 17, 2019. Id. The plaintiff commenced this action on June 6, 2019.

5

**III.**

**A.**

**1.**

Individual defendants may not be held personally liable for alleged violations of the ADEA. See Guerra v. Jones, 421 F. App'x 15, 17 (2d Cir. 2011); see also Lopez v. New York City Dep't of Educ., No. 17-CV-9205, 2019 WL 2647994, at *3 (S.D.N.Y. June 26, 2019). Accordingly, the defendants' motion to dismiss the ADEA claims against Teron and Nyarady as individual defendants is granted.

**2.**

In actions alleging an employer's violation of the ADEA, a charge of discrimination must be filed with the EEOC within 300 days of the alleged unlawful practice. 29 U.S.C. § 626(d)(1)(B); see also Staten v. City of New York, 726 F. App'x 40, 43 (2d Cir. 2018). Because the plaintiff filed EEOC charge on August 3, 2018, any allegations of discriminatory conduct by the DOE prior to October 7, 2017 are time-barred.

The plaintiff's employment at P.S. 97 ended in May 2017, and therefore his claims of alleged age discrimination while working at the school took place prior to October 7, 2017 and are barred by the statute of limitations. Accordingly, the plaintiff's claims against the DOE related to conduct that occurred prior to October 7, 2017 are dismissed.

The plaintiff also alleges claims of age discrimination, retaliation, and a hostile work environment by the defendants in violation of the ADEA, which he alleges took place after October 7, 2017 and within 300 days of when he filed a charge with the EEOC. As a result, these claims are not barred by the statute of limitations set forth in 29 U.S.C. § 626(d)(1)(B). However, the plaintiff has failed to state claims sufficient to survive a motion to dismiss on each of these allegations.

To survive a motion to dismiss under the ADEA, "a plaintiff must plausibly allege . . . 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" Luka v. Bard Coll., 263 F. Supp. 3d 478, 484-85 (S.D.N.Y. 2017) (quoting Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015)). "A plaintiff also must plausibly allege 'that age was the but-for cause of the employer's adverse decision.'" Id. at 485 (citing Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015)).

The plaintiff first alleges that the DOE discriminated against him due to his age when he applied for a position in June 2018 at the school to which he had most recently been assigned, where he had worked for six months. The plaintiff has failed to allege any evidence to support the proposition that the DOE acted with discriminatory intent based on his age when it declined to interview him for a teaching position in June

7

2018. While the plaintiff states that he was over 40 years old at the time and that he was not granted a job interview, "there is nothing in the pleading that allows the Court to infer that one was plausibly the cause of the other." Laface v. E. Suffolk Boces, 349 F. Supp. 3d 126, 148 (E.D.N.Y. 2018). Accordingly, the plaintiff's claim of age discrimination based on the DOE's refusal to grant him an interview for a teaching position in June 2018 is dismissed.

Next, the plaintiff alleges that the DOE retaliated against him in response to a complaint he filed with the New York SDHR in August 2018. The ADEA provides that it is "unlawful for an employer to discriminate against any of his employees or applicants for employment . . . because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d). To state a claim for retaliation under the ADEA, "a plaintiff must plead facts tending to show that: (1) [the plaintiff] participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [the plaintiff]; and (3) there exists a causal connection between the protected activity and the adverse action." Lawtone-Bowles v. City of New York, Dep't of Sanitation, 22 F. Supp. 3d 341, 351 (S.D.N.Y. 2014) (citations and internal quotation marks omitted). "To establish causation,

a plaintiff may rely on evidence 'that the protected activity was followed closely by discriminatory treatment'" or "'evidence of retaliatory animus directed against the plaintiff by the defendant.'" Berrie v. Bd. of Educ. of Port Chester-Rye Union Free Sch. Dist., 750 F. App'x 41, 49 (2d Cir. 2018) (quoting Gordon v. N.Y.C. Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000)). "Temporal proximity alone" between the plaintiff's protected activity and the alleged retaliatory action "is generally insufficient" to establish causation "after about three months." Id. (citing Hollander v. Am. Cyanamid Co., 895 F.2d 80, 85 (2d Cir. 1990)).

The plaintiff claims that in retaliation for filing the SDHR complaint, the DOE falsely accused him of using corporal punishment while covering a third grade class at P.S. 76, the Bennington School in February 2019. The plaintiff also contends that he received additional Section 3020-a charges in April 2019 seeking to terminate his employment based on the incident. However, the plaintiff does not explicitly allege any causal connection between the protected activity of filing an SDHR complaint and the DOE's accusing him of corporal punishment and subsequently filing Section 3020-a charges against him. Moreover, the plaintiff states that he was accused of corporal punishment in February 2019 and he received Section 3020-a charges in April 2019. Those events took place six and eight

months, respectively, after the plaintiff filed an SDHR complaint in August 2018. Accordingly, the protected activity and the alleged discriminatory actions are too attenuated to establish causation based on temporal proximity. See Preuss v. Kolmar Labs., Inc., 970 F. Supp. 2d 171, 198-99 (S.D.N.Y. 2013) (holding that approximately three months between the alleged protected action and an adverse action against the plaintiff did not establish a causal connection without any other evidence of retaliation) (collecting cases). The plaintiff's claim of retaliation against the DOE under the ADEA is therefore dismissed.

    The plaintiff finally alleges that the defendants subjected him to a hostile work environment. The ADEA's prohibition of a hostile work environment is violated when "the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Davis-Garett v. Urban Outfitters, Inc., 921 F.3d 30, 41 (2d Cir. 2019) (citations and internal quotation marks omitted). "The determination of hostility depends on whether a reasonable person would find the work environment to be hostile and whether plaintiffs subjectively perceived it to be so." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 240 (2d Cir. 2007) (citation omitted). Generally, incidents creating

a hostile work environment must be "sufficiently continuous and concerted to be considered pervasive." Id. (citation omitted). "A plaintiff must also demonstrate that [the plaintiff] was subjected to the hostility because of . . . membership in a protected class." Id. (citation omitted). Hostility should be assessed on the totality of the circumstances. Trachtenberg v. Dep't of Educ. of City of New York, 937 F. Supp. 2d 460, 472 (S.D.N.Y. 2013) (quoting Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007)). Additional factors that may be considered in assessing claims of a hostile work environment include "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is threatening and humiliating . . . and (4) whether it unreasonably interferes with an employee's work performance." Id. (citation omitted).

The plaintiff's allegations of hostile work environment that occurred after October 2017 are limited to allegations of failure to hire and retaliation. The plaintiff merely makes the conclusory statement that the school to which he had most recently been assigned denied him an interview for a teaching position as a result of his age. The plaintiff also provides no support for the proposition that he was accused of corporal punishment or that subsequent Section 3020-a charges were filed against him as a result of his age. He alleges no discriminatory comments or other types of discriminatory behavior. Accordingly,

the plaintiff's timely claims do not sufficiently allege a workplace permeated with discriminatory intimidation, ridicule, and insult. See Robins v. New York City Bd. of Educ., No. 07-CV-3599, 2010 WL 2507047, at *12 (S.D.N.Y. June 21, 2010), aff'd, 606 F. App'x 630 (2d Cir. 2015) (declining to find that the plaintiff had been subjected to a hostile work environment when supervisors were simply evaluating her performance in classroom visits and there was no evidence of discriminatory comments or physical acts). Considering the totality of the circumstances, the plaintiff has not alleged claims that are sufficiently frequent, severe, threatening or humiliating to meet the standard for a hostile work environment.

Because the plaintiff has not alleged a continuous practice of hostile work environment and has not alleged any facts to support a hostile work environment claim after October 7, 2017, instances of hostile activity that occurred prior to October 7, 2017 are not subject to the continuing violation doctrine. This doctrine allows for "the commencement of the statute of limitations period to be delayed until the last discriminatory act in furtherance of it," when a plaintiff "has experienced a continuous practice and policy of discrimination." Langella v. Mahopac Cent. Sch. Dist., No. 18-CV-10023, 2020 WL 2836760, at *5-*6 (S.D.N.Y. May 31, 2020) (declining to apply the continuing violation doctrine because the plaintiff failed to allege at

12

least one act contributing to the hostile work environment claim within the 300-day filing period). The plaintiff has not alleged any continuous practice. Accordingly, the plaintiff's claim of hostile work environment against the DOE under the ADEA is dismissed.

**B.**

**1.**

The defendants argue that the claims against the individual defendants for violations under the NYSHRL and NYCHRL should be dismissed for lack of personal involvement. Individual liability under the NYSHRL is limited to individuals who are owners or supervisors. See Malena v. Victoria's Secret Direct, LLC, 886 F. Supp. 2d 349, 365-66 (S.D.N.Y. 2012). "A supervisor is an employer for purposes of establishfing liability under the NYSHRL if that supervisor actually participates in the conduct giving rise to the discrimination." Feingold v. New York, 366 F.3d 138, 157 (2d Cir. 2004) (alteration, internal quotation marks and citation omitted). Similarly, under the NYCHRL, an individual may be held personally liable only if that person participates in the conduct giving rise to the discrimination. See Schanfield v. Sojitz Corp. of Am., 663 F. Supp. 2d 305, 344 (S.D.N.Y. 2009); see also Bernheim v. New York City Dep't of Educ., No. 19-CV-9723, 2020 WL 3865119, at *5 (S.D.N.Y. July 9, 2020), report and recommendation adopted, No. 19-CV-9723, 2020

13

WL 4383503 (S.D.N.Y. July 31, 2020). Both statutes also hold individuals liable for aiding and abetting discriminatory or retaliatory conduct. N.Y. Exec. L. § 296(6); N.Y.C. Admin. Code § 8-107(6). The statute of limitations period for NYSHRL and NYCHRL claims against individuals who are not school officers is three years, although numerous courts in the Second Circuit have held "that the filing of an EEOC charge generally tolls the statute of limitations on related NYSHRL claims." Langella, 2020 WL 2836760, at *15.

The plaintiff alleges that "the school administration created new false criminal charges against" him, alleging that he deleted photos from Assistant Principal Nyarady's website. Compl. at Addendum ¶ 8. However, he makes no allegations that Assistant Principal Nyarady participated in these "bogus charges." Id. Similarly, the plaintiff alleges that he was accused of engaging in corporal punishment in February 2019. However, the complaint alleges that the letter with the accusation was backdated not by Principal Teron, but by Assistant Principal Candice Pantano; the plaintiff alleges no other facts that Principal Teron took any action involving the accusation of corporal punishment. To the extent that the plaintiff relies on allegations about Principal Bornkamp's behavior prior to May 2017 to support his claim against the individual named defendants, the plaintiff has failed to allege

14

any involvement by Principal Teron and Assistant Principal Nyarady in Principal Bornkamp's alleged actions and Principal Bornkamp is not a named defendant in this lawsuit. Because the plaintiff has failed to allege any underlying age discrimination, retaliation, or hostile work environment claims, the plaintiff has also failed to show that the individual defendants were liable under an aiding or abetting theory.

Accordingly, the plaintiff's claims against the individual defendants are dismissed without prejudice and the plaintiff is given leave to file a second amended complaint.

2.

The plaintiff also alleges that the DOE violated the NYSHRL and NYCHRL. The defendants move to dismiss these claims against the DOE for failure to comply with New York's notice of claim requirements. New York Education Law provides that "[n]o action . . . for any cause whatever . . . shall be prosecuted or maintained against any school district [or] board of education . . . or any officer of a school district [or] board of education," unless the plaintiff alleges that "a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim." N.Y. Educ. Law § 3813. The notice of claim under § 3813 must satisfy the requirements of N.Y. Gen. Municipal Law § 50-e,

15

which requires statements of "the nature of the claim" and "the time when, the place where and the manner in which the claim arose." N.Y. Gen. Mun. Law § 50-e; see also Legrá v. Bd. of Educ. of the City Sch. Dist. of the City of New York, No. 14-CV-9245, 2016 WL 6102369, at *3 (S.D.N.Y. Oct. 19, 2016).

"[T]he failure to serve the proper public body with a notice of claim is a fatal defect mandating dismissal of th[e] action." Wesley-Dickson v. Warwick Valley Cent. Sch. Dist., 973 F. Supp. 2d 386, 411 (S.D.N.Y. 2013) (citation and internal quotation marks omitted), aff'd, 586 F. App'x 739 (2d Cir. 2014); see also Gym Door Repairs, Inc. v. Young Equip. Sales, Inc., 206 F. Supp. 3d 869, 909 (S.D.N.Y. 2016). An EEOC charge can suffice as a substitute for a notice of claim "only under the rare and limited circumstance where the EEOC charge puts the school district on notice of the precise claims alleged, is served on the governing board of the district (and not a different arm of the district), and is served within the statutory time period." Brtalik v. S. Huntington Union Free Sch. Dist., No. CV-10-0010, 2010 WL 3958430, at *5 (E.D.N.Y. Oct. 6, 2010). The plaintiff must allege compliance with the notice-of-claim provision of the Education Law in the complaint. Hartley v. Rubio, 785 F. Supp. 2d 165, 184-85 (S.D.N.Y. 2011).

The plaintiff does not allege in his amended complaint that he filed a notice in compliance with Section 3813. While the

16

plaintiff alleges that he filed a charge with the EEOC, the plaintiff does not allege that he served the EEOC charge on the governing body of the district. The EEOC charge was therefore not a substitute for the required notice of claim. The plaintiff does not meet the statutory notice of claim requirements, and all claims against the DOE under NYSHRL and NYCHRL are dismissed.[2]

### c.

The Second Circuit Court of Appeals has held that "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) (citations omitted). A court should grant a pro se plaintiff leave to replead his claims when it cannot "rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Shomo v. City of New York, 579 F.3d 176, 184 (2d Cir. 2009) (quoting Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000)) (internal quotation marks omitted). Accordingly, the pro se plaintiff is granted leave to replead his claims that he was

---

[2] "School officers" include members of a board of education, superintendents, or "other elective or appointive officer[s] . . . whose duties generally relate to the administration of affairs connected with the public school system." N.Y. Educ. L. § 2. Principals and assistant principals are not considered "school officers." See Collins v. City of New York, 156 F. Supp. 3d 448, 460 (S.D.N.Y. 2016) (collecting cases). Because defendant Teron is a principal and defendant Nyarady is an assistant principal, the plaintiff's failure to file a notice of claim only bars the claims against the DOE.

17

discriminated against due to his age, that he suffered retaliation from a prior protected activity, and that he was subjected to a hostile work environment by the DOE in violation of the ADEA and by the individual defendants in violation of the NYSHRL and the NYCHRL.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the motion to dismiss is **granted.** The plaintiff is granted leave to file a second amended complaint by **September 18, 2020.**

**SO ORDERED.**

**Dated:    New York, New York**
**         August 14, 2020**              /s/ John G. Koeltl
                                    **John G. Koeltl**
                                    **United States District Judge**