UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT L. RETTINO,

                Plaintiff,

      - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION, ET AL.,

                Defendants.

19-cv-5326 (JGK)

MEMORANDUM OPINION
AND ORDER

---

**JOHN G. KOELTL, District Judge:**

The pro se plaintiff, Robert L. Rettino, brought this
action against the New York City Department of Education
("DOE"), Darlene Teron, and Steven Nyarady, alleging that the
defendants discriminated against him because of his age, sex,
and disability; retaliated against him for filing a complaint
with the New York State Division of Human Rights ("SDHR");
subjected him to a hostile work environment in violation of the
Age Discrimination in Employment Act ("ADEA"), the Americans
with Disabilities Act ("ADA"), the Rehabilitation Act, the New
York State Human Rights Law ("NYSHRL"), and the New York City
Human Rights Law ("NYCHRL"). The plaintiff also alleges that the
defendants defamed him and breached a contract. The defendants
move to dismiss all the claims pursuant to Federal Rule of Civil
Procedure 12(b)(6) for failure to state a claim. For the
following reasons, the motion to dismiss is **granted.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).[1] The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal citations, emphasis, omissions, quotation marks, and footnotes in quoted text.

the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Yajaira Bezares C. v. The Donna Karan Co. Store LLC, No. 13-cv-8560, 2014 WL 2134600, at *1 (S.D.N.Y. May 22, 2014).

## II.

The following facts are taken from the Second Amended Complaint ("SAC") and are accepted as true for the purposes of this motion.

The plaintiff, Robert L. Rettino, began his employment at the DOE in 2005. SAC at 11. Rettino commenced this action on June 6, 2019, when he was 54 years old. Complaint ("Compl."), ECF No. 1, at Addendum ¶ 2. The plaintiff worked at Public School ("P.S.") 97 in the Bronx, New York from 2006 to 2017 under Principal Katheleen Bornkamp. SAC at 11. While working at P.S. 97, the plaintiff filed five Annual Professional Performance Review ("APPR") complaints, alleging violations of the Collective Bargaining Agreement ("CBA") between the United Federation of Teachers (the "Union"), to which the plaintiff

belonged, and the DOE. Id. Specifically, the plaintiff complained of improper observation practices. Id.

The plaintiff has alleged that in retaliation for filing these complaints, Assistant Principal Nyarady falsely accused the plaintiff of breaking into P.S. 97, hacking into Assistant Principal Nyarady's computer, and deleting 20,000 photos. Id. at 14. The plaintiff has alleged further that Assistant Principal Nyarady's accusation resulted in criminal charges against him and an investigation by the Special Commissioner of Investigations (the "SCI"). Id. Following a disciplinary proceeding pursuant to New York Education Law Section 3020-a, the plaintiff was ordered to pay a fine of $1,500 on April 27, 2017. Id. at 11.

On May 22, 2017, the plaintiff was assigned to P.S. 481, the STEAM Bridge School, as a member of the Absent Teacher Reserve (the "ATR"). Id. at 12. ATR members do not have permanent teaching placements but are assigned to schools on an as-needed basis to fulfill temporary vacancies. See id. at 12-14. The plaintiff has alleged that his designation as a member of the ATR constituted a demotion, with limited opportunity for advancement, diminished responsibilities, and reduced income. Id. at 12-13. The plaintiff has also alleged that ATR reclassification discriminates against older employees by providing limited access to bathroom facilities. Id. at 13. The

4

plaintiff has asserted that the previous allegedly false charges against him resulted in his designation as a member of the ATR and prevented him from being hired at the STEAM Bridge School as a permanent, non-ATR teacher. See id. at 11, 14.

The plaintiff has also alleged that the defendants retaliated against him for filing complaints with the New York State Division of Human Rights ("SDHR") against Assistant Principal Nyarady and P.S. 97. SAC at 16, 19. In these SDHR complaints, the plaintiff alleged that he was subjected to age discrimination. Compl. at 14.

On August 3, 2018, the plaintiff filed his age discrimination charge with the SDHR; the charge was cross-filed with the United States Equal Employment Opportunity Commission (the "EEOC"). SAC at 6; Compl. at 12.[2] He subsequently received a Notice of Right to Sue from the EEOC on May 15, 2019. Id. at 19.

On December 10, 2018, the plaintiff was reassigned to P.S. 76, the Bennington School, under Principal Darlene Teron. Id. at 17. Principal Teron filed a charge against the plaintiff with the Office of Special Investigations (the "OSI") for failure to provide a child with medical treatment. Id. at 17-18; see also Pl.'s Letter, ECF No. 56-5. The plaintiff has alleged that this OSI case resulted in further Section 3020-a charges against him.

---

[2] The plaintiff alleges that he filed this charge on August 3, 2018. The notification from the SDHR indicates that the filing date was August 15, 2018. Compl. at 10. The distinction is of no consequence.

SAC at 17. Additionally, the plaintiff has alleged that he was falsely accused of corporal punishment in 2018. Id. at 18; see also ECF No. 56-2. As a result of the corporal punishment accusation, another Section 3020-a proceeding was instituted against the plaintiff in 2019, seeking termination of his employment. SAC at 18.

The plaintiff commenced this action on June 6, 2019. After the plaintiff filed an Amended Complaint, the Court granted the defendants' motion to dismiss the claims without prejudice. Rettino v. N.Y.C. Dep't of Educ., No. 19-cv-5326, 2020 WL 4735299, at *1-2 (S.D.N.Y. Aug. 14, 2020). The plaintiff then filed the Second Amended Complaint on September 23, 2020. ECF No. 35. The defendants moved to dismiss the Second Amended Complaint on December 7, 2020. ECF No. 40. After the defendants filed the motion to dismiss, the plaintiff filed a Third Amended Complaint without leave of the Court. ECF No. 45. The Court struck the Third Amended Complaint because the plaintiff had not sought leave to file it and because there was a pending motion to dismiss the Second Amended Complaint. ECF No. 48. For the reasons that follow, the Court now grants the defendants' motion to dismiss the Second Amended Complaint.

**III.**

The plaintiff has brought federal and state law claims against the DOE, Principal Teron, and Assistant Principal

Nyarady. The plaintiff has alleged that his classification as an ATR, repeated reassignments to different schools as an ATR, and treatment throughout his employment with the DOE constitutes discrimination on the basis of age in violation of the ADEA, 29 U.S.C. §§ 621 et seq., and on the basis of sex in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1). SAC at 14-15. The plaintiff has also alleged violations of the ADA, 42 U.S.C. §§ 12101 et seq., the Rehabilitation Act, 42 U.S.C. §§ 701 et seq., and state law claims for violation of the state and city human rights laws, breach of contract, and defamation. SAC at 14; 18-19.

## A. Federal Claims

### 1. Individual Defendants

The plaintiff has named Principal Teron and Assistant Principal Nyarady as defendants in this case. Individual defendants may not be held personally liable for alleged violations of the ADEA. See Guerra v. Jones, 421 F. App'x 15, 17 (2d Cir. 2011); see also Lopez v. N.Y.C. Dep't of Educ., No. 17-cv-9205, 2019 WL 2647994, at *3 (S.D.N.Y. June 26, 2019). Likewise, individual defendants may not be held personally liable for violations of the ADA or Title VII. See Lennon v. N.Y.C., 392 F. Supp. 2d 630, 640 (S.D.N.Y. 2005) (collecting cases). Finally, "claims under the Rehabilitation Act may not be brought against individuals, either in their personal or

official capacity." <u>Harris v. Mills</u>, 478 F. Supp. 2d 544, 547-48
(S.D.N.Y. 2007).

Accordingly, the defendants' motion to dismiss the ADEA,
ADA, Title VII, and Rehabilitation Act claims against Principal
Teron and Assistant Principal Nyarady as individual defendants
is granted.

### 2. Time Bars and Failure to Exhaust

In actions alleging an employer's violation of the ADEA,
Title VII, or the ADA, a charge of discrimination must be filed
with the EEOC within 300 days of the alleged unlawful practice.
29 U.S.C. § 626(d)(1)(B) (ADEA); 42 U.S.C. § 2000e-5(e)(1)
(Title VII); 42 U.S.C. § 12117(a) (ADA); <u>see also</u> <u>Staten v. City</u>
<u>of N.Y.</u>, 726 F. App'x 40, 43 (2d Cir. 2018). Claims arising
solely from occurrences more than 300 days before the charge of
discrimination is filed with the EEOC must be dismissed. 29
U.S.C. § 626(d)(1)(B) (ADEA); 42 U.S.C. § 2000e-5(e)(1) (Title
VII); 42 U.S.C. § 12117(a) (ADA); <u>see also</u> <u>Robins v. N.Y.C. Bd.</u>
<u>of Educ.</u>, No. 07-cv-3599, 2010 WL 2507047, at *5 (S.D.N.Y. June
21, 2010), <u>aff'd</u>, 606 F. App'x 630 (2d Cir. 2015). Because the
plaintiff filed the EEOC charge on August 3, 2018, any
allegations of discriminatory conduct by the DOE prior to
October 7, 2017 are time-barred. The plaintiff's employment at
P.S. 97 ended in May 2017, SAC at 12, and therefore his claims

of alleged age discrimination while working at P.S. 97 took place prior to October 7, 2017 and are time-barred.

The plaintiff has also alleged violations of Title VII, the ADA, and the Rehabilitation Act that occurred after October 7, 2017 and within 300 days of the date on which he filed his charge of discrimination that was cross-filed with the EEOC. These claims are not time-barred. However, these claims cannot survive a motion to dismiss because the plaintiff has failed to exhaust administrative remedies.

In the SDHR/EEOC charge, the plaintiff asserted that he was "discriminated against based on [his] age." Compl. at 12, 14. Filing a charge of discrimination with the EEOC is a condition precedent to discrimination claims pursuant to Title VII, the ADA, the Rehabilitation Act, and the ADEA. Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot., 882 F.3d 52, 57 (2d Cir. 2018) (discussing the ADA and Title VII); Downey v. Runyon, 160 F.3d 139, 145 (2d Cir. 1998) (discussing the Rehabilitation Act and Title VII); Gaston v. N.Y.C. Dep't of Health Off. of Chief Med. Exam'r, 432 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) (discussing Title VII); Parker v. Metro. Transp. Auth., 97 F. Supp. 2d 437, 449 (S.D.N.Y. 2000) (discussing the ADEA). Because the plaintiff failed to allege Title VII, ADA, and Rehabilitation Act claims in his SDHR/EEOC charge, he has not exhausted his administrative remedies as to those claims.

"An allegation not set forth in an administrative charge will be barred as unexhausted unless it is reasonably related to the allegations in the charge." Hoffman v. Williamsville Sch. Dist., 443 F. App'x 647, 649 (2d Cir. 2011). That is, the charge must have provided the EEOC with "sufficient notice to investigate the allegation[s]". Id. Because the plaintiff only alleged discrimination on the basis of age, the plaintiff's complaints of sex discrimination under Title VII, and disability discrimination under the ADA and the Rehabilitation Act are not "reasonably related" to the allegations raised in the SDHR/EEOC charge. "Courts generally do not find a claim that is based on a wholly different type of discrimination to be reasonably related to those initially asserted in the EEOC charge." Burrell v. City Univ. of N.Y., 995 F. Supp. 398, 407 (S.D.N.Y. 1998).; see, e.g., Porter v. Texaco Inc., 985 F. Supp. 380, 383 (S.D.N.Y. 1997) (holding that sex discrimination allegations are not reasonably related to age discrimination or retaliation allegations). Therefore, the claims pursuant to Title VII, the ADA, and the Rehabilitation Act must be dismissed because the plaintiff failed to exhaust administrative procedures.

The plaintiff's filing of a charge with the EEOC on December 2, 2020 does not cure this defect. A charge filed after the Second Amended Complaint was filed cannot operate as a timely exhaustion of remedies because the exhaustion must occur

before filing suit. See Hoffman, 443 F. App'x at 649. Likewise, limiting consideration to 300 days before that charge—February 6, 2020—would bar the events at issue in the case, because the plaintiff relies on events between October 7, 2017 and September 5, 2019. SAC at 18-19.

Therefore, the plaintiff's claims related to events prior to October 7, 2017 are time-barred. The plaintiff's claims pursuant to the ADA, the Rehabilitation Act, and Title VII fail for the independent reason that the plaintiff failed to exhaust administrative remedies.

### 3. ADEA Claim

The only remaining federal claim is the age discrimination claim pursuant to the ADEA relating to events after October 7, 2017. That claim fails on the merits.

To survive a motion to dismiss under the ADEA, "a plaintiff must plausibly allege . . . at least minimal support for the proposition that the employer was motivated by discriminatory intent." Littlejohn v. City of N.Y., 795 F.3d 297, 311 (2d Cir. 2015). Additionaly, a plaintiff must plausibly allege "that age was the but-for cause of the employer's adverse decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015) (quoting Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009)).

The plaintiff has alleged that the DOE discriminated against him due to his age when he was not hired for a permanent position at P.S. 481. SAC at 16; see also Compl. at 12. However, the plaintiff has failed to allege any facts to support the proposition that the DOE acted with discriminatory intent based on his age when it declined to interview him for a permanent teaching position in June 2018. While the plaintiff states that he was over 40 years old at the time and that he was not granted a job interview, "there is nothing in the pleading that allows the Court to infer that one was plausibly the cause of the other." Laface v. E. Suffolk Boces, 349 F. Supp. 3d 126, 148 (E.D.N.Y. 2018). Accordingly, the plaintiff cannot sustain a claim of age discrimination based on the DOE's refusal to hire him for a permanent position.

The plaintiff also complains that the terms and conditions that he was subjected to as an ATR teacher were unequal to those provided to teachers not on ATR rotation. However, the plaintiff was placed on ATR status in May, 2017, and such a claim is time-barred. Indeed, the plaintiff concedes in his brief that he is only complaining about events that occurred between October 7, 2017 and August 3, 2018. Pl.'s Br. at 5. Moreover, the plaintiff has offered no plausible basis to infer that age was the but-for cause of his placement on ATR status that closely followed a disciplinary proceeding against him.

Next, the plaintiff has alleged that the DOE retaliated against him in response to the complaint he filed with the SDHR in August 2018. The ADEA provides that it is "unlawful for an employer to discriminate against any of his employees or applicants for employment . . . because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d). To state a claim for retaliation under the ADEA, "a plaintiff must plead facts tending to show that: (1) [the plaintiff] participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [the plaintiff]; and (3) there exists a causal connection between the protected activity and the adverse action." Lawtone-Bowles v. City of N.Y., Dep't of Sanitation, 22 F. Supp. 3d 341, 351 (S.D.N.Y. 2014). "To establish causation, a plaintiff may rely on evidence that the protected activity was followed closely by discriminatory treatment" or "evidence of retaliatory animus directed against the plaintiff by the defendant." Berrie v. Bd. of Educ. of Port Chester-Rye Union Free Sch. Dist., 750 F. App'x 41, 49 (2d Cir. 2018). "Temporal proximity alone" between the plaintiff's protected activity and the alleged retaliatory action "is generally insufficient" to establish causation "after about three months." Id.

The plaintiff claims that in retaliation for filing the August 2018 SDHR complaint, the DOE falsely accused him of using corporal punishment and of denying a child's request for medical treatment in February 2019. The plaintiff also contends that he was subjected to Section 3020-a charges in April 2019 seeking to terminate his employment based on these incidents. However, the plaintiff does not plausibly allege any causal connection between the protected activity of filing an SDHR complaint and the DOE's accusations and subsequent filing of Section 3020-a charges against him and instead relies on temporal proximity. The alleged triggering events took place six and eight months, respectively, after the plaintiff filed the SDHR complaint. The protected activity and the alleged discriminatory actions are too attenuated to establish causation based on temporal proximity without further allegations of causation. See, e.g., Preuss v. Kolmar Lab'ys, Inc., 970 F. Supp. 2d 171, 198-99 (S.D.N.Y. 2013) (three months between the protected action and an adverse action did not establish a causal connection) (collecting cases). The plaintiff's other assertions of retaliation, such as allegedly improper observations performed by the DOE, predate the SDHR filing, and thus also fail to provide support for the proposition that the protected activity and adverse action were causally related. Therefore, the plaintiff's claim of retaliation fails.

Finally, the plaintiff has alleged that the defendants subjected him to a hostile work environment. The ADEA's prohibition of a hostile work environment is violated when "the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Davis-Garett v. Urb. Outfitters, Inc., 921 F.3d 30, 41 (2d Cir. 2019). To establish a prima facie case of a hostile work environment, a plaintiff must show: (1) discriminatory harassment that was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," and (2) a specific basis for imputing the objectionable conduct to the employer. Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir. 1997). A plaintiff alleging a hostile work environment "must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were 'sufficiently continuous and concerted' to have altered the conditions of [the plaintiff's] working environment." Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000) (Sotomayor, J.); Robins, 2010 WL 2507047, at *11. To decide whether conduct has reached this threshold, courts examine the case-specific circumstances in their totality and evaluate the severity, frequency, and degree of the abuse. Harris v. Forklift Sys. Inc., 510 U.S. 17, 23

(1993) (finding that relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance"); see also Alfano v. Costello, 294 F.3d 365, 373-74 (2d Cir. 2002). Isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness. Brennan v. Metro. Opera Ass'n, 192 F.3d 310, 318 (2d Cir. 1999); see also Grant v. Pathmark Stores, Inc., No. 06-cv-5755, 2009 WL 2263795, at *12 (S.D.N.Y. July 29, 2009).

The plaintiff's allegations of a hostile work environment that occurred after October 2017 is limited to an allegation of a failure to hire. SAC at 16. The plaintiff merely makes the conclusory statement that his age "ruined [his] chances at obtaining" a position with P.S. 481. Id. He alleges no discriminatory comments or other types of discriminatory behavior. Accordingly, the plaintiff has not sufficiently alleged a workplace permeated with discrimination sufficient for a showing of a hostile work environment under the ADEA. See, e.g., Robins, 2010 WL 2507047, at *12 (declining to find a hostile work environment where the incidents complained of by the plaintiff were not sufficiently severe or pervasive).

Because the plaintiff has not alleged a continuous practice creating a hostile work environment and has not alleged any

facts to support a hostile work environment claim after October 7, 2017, instances of hostile activity that occurred prior to October 7, 2017 are not subject to the continuing violation doctrine. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 118 (2002) (a plaintiff can rely on claims that fall outside the statutory period only if those claims contribute to claims that took place within the period). This doctrine allows for "the commencement of the statute of limitations period [to] be delayed until the last discriminatory act in furtherance of it," when a plaintiff "has experienced a continuous practice and policy of discrimination." Langella v. Mahopac Cent. Sch. Dist., No. 18-cv-10023, 2020 WL 2836760, at *5 (S.D.N.Y. May 31, 2020). The plaintiff's conclusory statements that he was subjected to a "pattern of age discrimination" are not sufficient to allege plausibly a continuous practice. Therefore, the plaintiff's claim of hostile work environment against the DOE under the ADEA fails.

Accordingly, the plaintiff has failed to state a claim pursuant to the ADEA, and the defendants' motion to dismiss the ADEA claim is granted.

### B. State Law Claims

### 1. Individual Defendants

Individual liability under the NYSHRL is limited to individuals who are owners or supervisors. See Malena v.

Victoria's Secret Direct, LLC, 886 F. Supp. 2d 349, 365-66 (S.D.N.Y. 2012). "A supervisor is an employer for purposes of establishing liability under the NYSHRL if that supervisor actually participates in the conduct giving rise to the discrimination." Feingold v. New York, 366 F.3d 138, 157 (2d Cir. 2004). Similarly, under the NYCHRL, an individual may be held personally liable only if that person participates in the conduct giving rise to the discrimination. See Schanfield v. Sojitz Corp. of Am., 663 F. Supp. 2d 305, 344 (S.D.N.Y. 2009); see also Bernheim v. N.Y.C. Dep't of Educ., No. 19-cv-9723, 2020 WL 3865119, at *5 (S.D.N.Y. July 9, 2020), report and recommendation adopted, No. 19-cv-9723, 2020 WL 4383503 (S.D.N.Y. July 31, 2020). Both statutes also hold individuals liable for aiding and abetting discriminatory or retaliatory conduct. N.Y. Exec. L. § 296(6); N.Y.C. Admin. Code § 8-107(6).

As explained in the prior opinion dismissing the prior complaint, see Rettino, 2020 WL 4735299, at *5, these claims must be dismissed against the individual defendants because the plaintiff has failed to state an underlying claim of discrimination against them. The plaintiff has not established that any conduct giving rise to discrimination has occurred. Even under the more forgiving standard of the NYCHRL, the plaintiff has failed to allege plausibly that defendants Teron and Nayardy personally discriminated against the plaintiff. See,

e.g., Farzan v. Wells Fargo Bank, N.A., No. 12-cv-1217, 2013 WL 2641643, at *4 (S.D.N.Y. June 11, 2013). Without any predicate discrimination, the claims against the individual defendants cannot stand. Moreover, there is no viable claim of aiding and abetting liability. "Aiding and abetting is only a viable theory where an underlying violation has taken place." Falchenberg v. N.Y. State Dep't. of Educ., 338 F. App'x. 11, 14 (2d Cir. 2009). Accordingly, these claims must be dismissed.

## 2. NYSHRL and NYCHRL

The plaintiff also alleges that the DOE violated the NYSHRL and NYCHRL. The defendants move to dismiss these claims against the DOE for failure to comply with New York's notice of claim requirements. New York Education Law provides that "[n]o action . . . for any cause whatever . . . shall be prosecuted or maintained against any school district [or] board of education . . . or any officer of a school district [or] board of education," unless the plaintiff alleges that "a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim." N.Y. Educ. L. § 3813(1). The notice of claim under section 3813 must satisfy the requirements of New York General Municipal Law § 50-e, which requires statements of "the nature of the claim" and "the time when, the place where and the manner in which the

claim arose." N.Y. Gen. Mun. L. § 50-e(1)(b)(2); see also

Legrá v. Bd. of Educ. of the City Sch. Dist. of the City of

N.Y., No. 14-cv-9245, 2016 WL 6102369, at *3 (S.D.N.Y. Oct. 19,

2016).

The failure to serve a notice of claim with the proper

public body is a fatal defect requiring dismissal. Bender v.

N.Y.C. Health & Hosps. Corp., 345 N.E.2d 561, 563 (N.Y. 1976);

see also Wesley-Dickson v. Warwick Valley Cent. Sch. Dist., 973

F. Supp. 2d 376, 411 (S.D.N.Y. 2013). An EEOC charge can suffice

as a substitute for a notice of claim "only under the rare and

limited circumstance where the EEOC charge puts the school

district on notice of the precise claims alleged, is served on

the governing board of the district (and not a different arm of

the district), and is served within the statutory time period."

Brtalik v. S. Huntington Union Free Sch. Dist., No. 10-cv-0010,

2010 WL 3958430, at *5 (E.D.N.Y. Oct. 6, 2010). The plaintiff

must allege compliance with the notice of claim provision of the

Education Law in the complaint. Hartley v. Rubio, 785 F. Supp.

2d 165, 184-85 (S.D.N.Y. 2011).

The plaintiff has not alleged in the Second Amended

Complaint that he filed a notice in compliance with section

3813. While the plaintiff alleges that he filed a charge with

the EEOC, the plaintiff has not alleged that he served the EEOC

charge on the governing body of the district. The EEOC charge

therefore was not a substitute for the required notice of claim. See Brtalik, 2010 WL 3958430, at *5. Because the plaintiff has not satisfied the statutory notice of claim requirements, all claims against the DOE under NYSHRL and NYCHRL must be dismissed.

Additionally, all state law claims against the DOE that arose before June 6, 2018 are barred by the one-year statute of limitations. N.Y. Educ. L. §§ 3813(1), (2-b).

### 3. Breach of Contract

The claim for breach of contract also fails. The only contract referred to in the Second Amended Complaint is the Collective Bargaining Agreement between the DOE and the plaintiff's Union. Because the plaintiff is not a party to that agreement, he has no standing to sue the DOE for breach of the agreement. Biehner v. City of N.Y., No. 19-cv-9646, 2021 WL 878476, at *7 (S.D.N.Y. Mar. 9, 2021); Cummings v. City of New York, No. 19-cv-7725, 2020 WL 882335, at *14 (S.D.N.Y. Feb. 24, 2020). Accordingly, the plaintiff's breach of contract claim is dismissed.

### 4. Defamation

Finally, the claim for defamation fails. The plaintiff has alleged that Assistant Principal Nyarady defamed the plaintiff by accusing him of committing a crime. SAC, at 14. Specifically, the plaintiff has alleged that he was falsely accused of

breaking into Assistant Nyarady's computer and deleting 20,000 photos. Id. First, the plaintiff failed to file notice of claim for defamation.[3] Second, the defamation claim is plainly time-barred by the one-year statute of limitations because the alleged defamation occurred in February 2017 and this action was filed in June 2019. See Milone v. Jacobson, 432 N.Y.S.2d 30, 31 (App. Div. 1980).

Accordingly, the defendants' motion to dismiss the defamation claim is granted.

### C.

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A pro se complaint is to be read liberally." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, a Court may deny the plaintiff leave to amend when such leave would be futile. Acito v. IMCERA Grp., Inc., 47 F.3d 47, 55 (2d Cir. 1995).

In this case, the Court first granted leave to amend on September 6, 2019. ECF No. 24. The Court issued a detailed

---

[3] New York Education Law Section 3813 requries a plaintiff to file notice of claim before bringing suit against the DOE and school officers. Principals and assistant principals are not considered officers for purposes of section 3813. See Collins v. City of N.Y., 156 F. Supp. 3d 448, 460 (S.D.N.Y. 2016) (collecting cases). Because defendant Nyarady is an assistant principal, the plaintiff's failure to file a notice of claim only bars the defamation claim against the DOE. The defamation claim against defendant Nyarady is nonetheless precluded by the statute of limitations.

decision dismissing the First Amended Complaint without prejudice on August 14, 2020 and granted the plaintiff leave to file another amended complaint. Rettino, 2020 WL 4735299. In each of his complaints, the plaintiff has been unable to present a colorable claim of any federal or state law violation. Moreover, in the current Second Amended Complaint, the plaintiff has failed to address the deficiencies discussed in the Memorandum Opinion and Order dismissing the First Amended Complaint. The plaintiff has also failed to indicate how further amendment would cure the procedural and substantive deficiencies of the complaint. See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 496 (2d Cir. 2014).

Accordingly, the Second Amended Complaint will be dismissed with prejudice.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the motion to dismiss is **granted.** The Complaint is dismissed with prejudice. The Clerk is directed to enter judgment dismissing the case with prejudice. The Clerk is also directed to close Docket Number 40 and to close this case.

**SO ORDERED.**

**Dated:**     **New York, New York**
           **July 14, 2021**

                                     **John G. Koeltl**
                       **United States District Judge**